USDC SCAN INDEX SHEET











COBB

DALTON

RCM
3:97-CV-00428
*1*
*CMP.*

```
THOMAS R. GILL, ESQ., No. 61267
LAW OFFICES OF THOMAS R. GILL
10455 Sorrento Valley Rd. Suite 203
San Diego, Ca  92121
(619) 286-9393
```

Attorneys for Plaintiff

FILED
MAR 14 1997

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORNA L. COBB, and GENE R. COBB, husband and wife, | ) ) ) No. '97 cv 0428 B (RBB) |
| Plaintiffs, | ) ) COMPLAINT FOR DAMAGES AND |
| v. | ) INJUNCTIVE RELIEF and ) |
| JOHN H. DALTON, in his official capacity as Secretary of the Navy. | ) DEMAND FOR JURY TRIAL ) ) ) |
| Defendant. | ) |

Plaintiffs allege:

I

**PARTIES, JURISDICTION AND VENUE**

1. Jurisdiction is proper under 5 U.S.C. Section 703, because an agency of the United States is a party.

2. Venue of this action is laid in this district under the provisions of 5 U.S.C. Section 703.

3. Plaintiff, Lorna L. Cobb, is a natural person, and at all times herein mentioned is a resident of the County of San

1

Diego, State of California. (All references herein to "plaintiff" in the singular are solely to Lorna L. Cobb.)

4. Plaintiff, Gene R. Cobb, is a natural person, husband of Plaintiff Lorna L. Cobb, and at all times herein mentioned is a resident of the County of San Diego, State of California.

5. Respondent is sued in his official capacity as the Secretary of the Department of the Navy, an agency of the United States.

6. Plaintiff filed 7 separate administrative claims of discrimination in 1995 and/or 1996. This action is a direct and timely appeal with regards to all or part of 4 of those administrative complaints:

A. The final decisions on administrative complaints 1 and 2 are not appealed herein as those decisions were issued over a year ago (the facts referred to therein are, however, evidence of a continuing pattern of discrimination).

B. No final administrative decision has been issued with regard to administrative complaints 3, 4, 5, and 6; however, more than 120 days have elapsed from the date the administrative complaints were filed, and, therefore, pursuant to 29 C.F.R. 1614.310(g) the matters are now ripe for appeal to this Court.

C. Administrative complaint No. 7, concerned a request for relief which has already been granted Plaintiff. However, the facts surrounding that administrative complaint are evidence of a continuing pattern of discrimination.

//
//
//

## II

## GENERAL BACKGROUND FACTS

7. Plaintiff's career with the U.S. Government began on March 21, 1973 when she was hired by the Department Of The Navy as a Clerk Typist, GS-02.

8. On or about May 27, 1973, Plaintiff was promoted to the position of Clerk Typist, GS-03.

9. On or about January 20, 1974, Plaintiff was promoted to the position of Clerk Typist, GS-04.

10. On or about March 26, 1978, Plaintiff was promoted to the position of Secretary, GS-05.

11. On or about November 4, 1985, Plaintiff was reassigned to the position of Administrative Specialist, GS-07.

12. On or about March 1, 1987, Plaintiff was promoted to the position of Administrative Specialist, GS-09/10.

13. At all times mentioned herein, Plaintiff's performance in all of the aforesaid positions was fully satisfactory or better.

14. Beginning in or around 1987 and continuing through 1990, Plaintiff was repeatedly required to work with a disrupting co-worker. For years Plaintiff (and others) made various informal objections about the difficult and stressful working conditions engendered by this employee without the Navy taking any action.

15. Finally, on or about October 29, 1990, Plaintiff's superiors held a meeting with the co-worker to discuss the ongoing problems. Plaintiff's superiors required her to attend this meeting during which they allowed the co-worker to

embarrass, humiliate and berate Plaintiff.

16. That evening Plaintiff injured herself in her sleep - she sustained a Temporal Mandibular Joint injury which was diagnosed as being the result of stress brought on by the earlier meeting and the workplace events preceding the same.

17. On or about December 5, 1990, Plaintiff submitted a workers' compensation claim based on the aforesaid stress and injury.

18. On or about December 23, 1992, Plaintiff tore the cartilage in her right shoulder while at work which lead to Plaintiff's submission of a second workers' compensation claim, and to her being placed on temporary total disability.

19. After Plaintiff filed the two above referenced workers' compensation claims and requested temporary total disability, her employer entered into a continuous course of conduct of discrimination and/or retaliation which lead to Plaintiff's suffering more injuries, filing additional claims for workers' compensation, filing of a grievance, EEO complaints, and also to, *inter alia*, the Navy's:

    A. questioning, without good cause, the legitimacy of Plaintiff's workers' compensation claims,

    B. questioning, without good cause, the existence of her injuries,

    C. falsely denying that records had been received from Plaintiff's doctor(s),

    D. refusing to accept Plaintiff's doctors reports and recommendations concerning Plaintiff's medical condition,

    E. refusing, without good cause, to allow Plaintiff

4

1  and her doctor sufficient time to produce medical verifications,

2      F.   threatening, without cause, to place Plaintiff on
3  an absence without leave (AWOL) status,

4      G.   actually placing Plaintiff in an AWOL status
5  without good cause and without prior warning,

6      H.   ignoring Plaintiff's complaints concerning the ill
7  treatment she was being afforded and her hostile work
8  environment,

9      I.   failing to grant Plaintiff reasonable
10 accommodation in light of her medical condition(s),

11     J.   refusing, on multiple occasions, to give Plaintiff
12 "pay points" or cash bonuses,

13     K.   making false statements and/or filing false
14 reports with administrative officials concerning the nature of
15 Plaintiff's work duties and/or the nature of accommodations
16 allegedly offered Plaintiff,

17     L.   refusing to update and/or modify Plaintiff's job
18 objectives, standards and goals in light of Plaintiff's medical
19 conditions,

20     M.   creating a hostile work environment for Plaintiff,

21     N.   assigning to Plaintiff work tasks that were beyond
22 her physical capabilities and/or contrary to the limitations
23 placed on Plaintiff by her physicians,

24     O.   wrongfully delaying the processing of Plaintiff's
25 claims for workers' compensation, *inter alia*,

26     P.   improperly downgrading Plaintiff on her
27 performance appraisals,

28     Q.   subjecting Plaintiff to differential standards of

conduct,

R.  changing Plaintiff's physical work location so as to isolate Plaintiff and make more difficult the performance of her job duties,

S.  improperly interpreting Plaintiff's stress disability, brought about by a hostile work environment, as a mental instability and thereafter placing Plaintiff on administrative leave,

T.  improperly interpreting Plaintiff's work-related stress disability as a mental instability and thereafter stating she was a security risk and making improper efforts to have her security clearance revoked, and

U.  suspending Plaintiff.

//

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN EMPLOYMENT
IN VIOLATION OF FEDERAL LAW
(THIRD ADMINISTRATIVE COMPLAINT
RE ISOLATION AND BANISHMENT FROM THE WORKPLACE)**

20.  Plaintiff realleges and incorporates herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

21.  The foregoing acts, and particularly those referred to, *supra*, in paragraphs 19H, 19I, 19R, 19S, and 19T, were a form of disability discrimination and retaliation for Plaintiff's having filed earlier administrative complaints of discrimination and, as such were a violation of the Rehabilitation Act of 1973, 29 U.S.C. 701 et seq.

1  22. As a proximate result of the aforementioned acts and
2 omissions, Plaintiff has suffered and further continues to suffer
3 substantial losses in earnings, and other employment-related
4 benefits which Plaintiff would have otherwise received, and has
5 suffered, and continues to suffer, embarrassment, humiliation,
6 and anguish, all to Plaintiff's damage in an amount unknown at
7 this time, but which will be shown according to proof to be
8 presented at the time of trial.
9  WHEREFORE, Plaintiff requests damages as prayed for below.
10 //

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF FEDERAL LAW
### (FOURTH ADMINISTRATIVE COMPLAINT RE PERFORMANCE RATINGS)

15  23. Plaintiff realleges and incorporates herein by
16 reference, as though set forth in full, each and every allegation
17 contained in each and every preceding paragraph of this
18 Complaint.
19  24. The foregoing acts, and particularly those referred to,
20 *supra*, in paragraphs 19I, 19K, 19L, 19N, 19P, 19Q, and 19R were a
21 form of disability discrimination and retaliation for Plaintiff's
22 having filed earlier administrative complaints of discrimination
23 and, as such were a violation of the Rehabilitation Act of 1973,
24 29 U.S.C. 701 et seq.
25  25. As a proximate result of the aforementioned acts and
26 omissions, Plaintiff has suffered and further continues to suffer
27 substantial losses in earnings, and other employment-related
28 benefits which Plaintiff would have otherwise received, and has

suffered, and continues to suffer, embarrassment, humiliation, and anguish, all to Plaintiff's damage in an amount unknown at this time, but which will be shown according to proof to be presented at the time of trial.

WHEREFORE, Plaintiff requests damages as prayed for below.

//

### THIRD CAUSE OF ACTION

**DISABILITY DISCRIMINATION IN EMPLOYMENT
IN VIOLATION OF FEDERAL LAW
(FIFTH ADMINISTRATIVE COMPLAINT
REASSIGNMENT OF DUTIES)**

26. Plaintiff realleges and incorporates herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

27. The foregoing acts, and particularly those referred to, *supra*, in paragraphs 19D, 19N, and 19Q were a form of disability discrimination and retaliation for Plaintiff's having filed earlier administrative complaints of discrimination and, as such were a violation of the Rehabilitation Act of 1973, 29 U.S.C. 701 et seq.

28. As a proximate result of the aforementioned acts and omissions, Plaintiff has suffered and further continues to suffer substantial losses in earnings, and other employment-related benefits which Plaintiff would have otherwise received, and has suffered, and continues to suffer, embarrassment, humiliation, and anguish, all to Plaintiff's damage in an amount unknown at this time, but which will be shown according to proof to be presented at the time of trial.

WHEREFORE, Plaintiff requests damages as prayed for below.

//

### FOURTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF FEDERAL LAW (SIXTH ADMINISTRATIVE COMPLAINT RE SUSPENSION WITHOUT PAY)

29. Plaintiff realleges and incorporates herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

30. The foregoing acts, and particularly those referred to, *supra*, in paragraph 19U, were a form of disability discrimination and retaliation for Plaintiff's having filed earlier administrative complaints of discrimination and, as such were a violation of the Rehabilitation Act of 1973, 29 U.S.C. 701 et seq.

31. As a proximate result of the aforementioned acts and omissions, Plaintiff has suffered and further continues to suffer substantial losses in earnings, and other employment-related benefits which Plaintiff would have otherwise received, and has suffered, and continues to suffer, embarrassment, humiliation, and anguish, all to Plaintiff's damage in an amount unknown at this time, but which will be shown according to proof to be presented at the time of trial.

WHEREFORE, Plaintiff requests damages as prayed for below.

///

///

///

## FIFTH CAUSE OF ACTION

## LOSS OF CONSORTIUM

32. Plaintiff GENE R. COBB, based on information and belief, hereby realleges and incorporates herein by reference, as though set forth in full, each and every allegation contained in each and every preceding paragraph of this Complaint.

33. This Cause of Action is solely that of GENE R. COBB.

34. Plaintiff, GENE R. COBB, has exhausted his administrative remedies in that he has filed a Tort Claim concerning the events referred to herein.

35. Defendants, by their acts and omissions, as alleged herein, caused psychological and emotional injury to LORNA COBB, the wife of GENE R. COBB.

36. Prior to sustaining the psychological and emotional injuries described herein, LORNA COBB, was able to and did perform her duties as a wife. Subsequent to the injuries and as a proximate result thereof, LORNA COBB was unable to perform the necessary duties as a wife and the work and services usually performed by her in the care, maintenance, and management of the family home. By reason thereof, GENE R. COBB has been deprived and will be deprived of the consortium of his spouse, LORNA COBB, including the performance of his spouse's necessary duties, all to GENE R. COBB'S damage in an amount to be proven at trial.

37. Wherefore Plaintiff GENE R. COBB prays for relief as follows.

//

//

//

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for damages from Defendant as follows:

1. That Plaintiff LORNA L. COBB be restored to the position she held prior to her suspension or to a comparable position, that reasonable accommodations be made with regard to her medical condition, that she be made whole and be afforded all benefits attended thereto that would have been afforded her but for the aforementioned acts and/or omissions of Defendants;

2. For general damages according to proof at trial;

3. For special damages according to proof at trial;

4. For exemplary and/or punitive damages according to proof at trial;

5. For double, treble, and/or penalty damages as may be permitted by law;

6. For prejudgment interest on the sums awarded according to proof at trial;

7. For an award of reasonable attorney's fees according to proof at trial;

8. For all costs of suit incurred herein;

9. For all such other and further relief as the Court may deem proper.

DATED: March 14, 1997

THOMAS R. GILL, ESQ.
Attorney for Plaintiffs
LORNA COBB and
GENE R. COBB

11

## VERIFICATION

I, LORNA L. COBB, am a Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 12, 1997, in San Diego, California.

*Lorna L. Cobb*
LORNA L. COBB
Plaintiff

## VERIFICATION

I, GENE R. COBB, am a Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 12, 1997, in San Diego, California.

*/s/ Gene R. Cobb*
GENE R. COBB
Plaintiff

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __California__

LORNA L. COBB AND
GENE R. COBB,

v.

JOHN H. DALTON, in his
official capacity as
Secretary of the Navy.

SUMMONS IN A CIVIL ACTION

CASE NUMBER: '97 CV 0428 J (RBB)

TO: (Name and Address of Defendant)

JOHN H. DALTON, Secretary of the Navy
1000 Navy Pentagon
Washington, D.C. 20350-1000

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

THOMAS R. GILL, ESQ.
10455 Sorrento Valley Road, Suite 203
San Diego, CA 92121
(619) 286-9393

an answer to the complaint which is herewith served upon you, within ___60___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Roberta Westdal
(SEAL)
R. F. MESSIG

CLERK                                    DATE

BY DEPUTY CLERK

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
LORNA L. COBB and
GENE R. COBB

**DEFENDANTS**
JOHN H. DALTON,
in his official capacity
as Secretary of the Navy

FILED
MAR 14 1997
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas R. Gill, Esq.
10455 Sorrento Valley Rd., Ste 203
San Diego, CA 92121
(619) 286-9393

ATTORNEYS (IF KNOWN)   '97 cv 0428 B (POR)
U.S. Attorney
for the Southern District
of California

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Disability Discrimination in Employment (Rehabilitation Act of 1973, 29 U.S.C. 701 et seq.) Loss of Consortium. Statement of Cause: Disability Discrimination under ADA.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | X-442 | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    **DEMAND $** _____   Check YES only if demanded in complaint. **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: March 14, 1997    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

#28740 $150 BZ